UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

G & C FOOD DISTRIBUTORS & BROKERS, INC.,

        Plaintiff,

   v.                   5:24-CV-707
                             (FJS/ML)

BASE CARRIERS, LLC, and LANDL TRUCKING, LLC,

        Defendants.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **UNDERBERG & KESSLER LLP**<br>50 Fountain Plaza, Suite 320<br>Buffalo, New York 14202<br>Attorneys for Plaintiff | COLIN D. RAMSEY, ESQ<br>PAUL F. KENEALLY, ESQ. |
| **GOLDBERG SEGALLA LLP**<br>665 Main Street<br>Buffalo, New York 14203<br>Attorneys for Defendant Base Carriers, LLC | ASHLYN M. CAPOTE, ESQ.<br>JONATHAN SCHAPP, ESQ. |
| **HOWARD & HOWARD ATTORNEYS PLLC**<br>450 West 4th Street<br>Royal Oak, Michigan 48067<br>Attorneys for Defendant Base Carriers, LLC | JONATHAN F. KARMO, ESQ.<br>MILES T. MACIK, ESQ. |
| **LANDL TRUCKING LLC** | NO APPEARANCE |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. NTRODUCTION

Pending before the Court is Plaintiff's motion to remand this matter to the New York Supreme Court, Onondaga County, New York. *See* Dkt. No. 18. Defendant Base Carriers, LLC ("Defendant Base Carriers") opposes this motion. *See* Dkt. No. 25.

### II. BACKGROUND

Plaintiff alleges that Defendant Base Carriers breached a contract to deliver food products for Plaintiff in Texas. Defendant Base Carriers had subcontracted the delivery to Defendant Landl Trucking, LLC ("Defendant Landl"), but a third-party impersonated Defendant Landl and stole the delivery. No one ever delivered the product, worth more than $500,000, for Plaintiff. Plaintiff also sues Defendant Landl as the intended third-party beneficiary of the subcontract between Defendants Base Carriers and Landl.

Plaintiff filed the case in New York Supreme Court, Onondaga County, on April 18, 2024. *See* Dkt. No. 2. Defendant Base Carriers' attorney signed an acknowledgement of service on April 25, 2024. *See id.* Plaintiff served Defendant Landl on May 1, 2024. *See* Dkt. Nos. 2, 9. On May 24, 2024, Defendant Base Carriers removed the case to this Court citing diversity jurisdiction as the basis for removal. *See* Dkt. No. 1. The Notice of Removal avers that, "[p]ursuant to 28 U.S.C. § 1446(b), as of the date of the filing of this Notice of Removal, all properly served and joined Defendants (Base Carriers) consent[] to removal of this action to this Court." *See id.* at ¶ 14. Although the Notice of Removal does not mention Defendant Landl, it contains a copy of the proof of service for [Defendant] Landl. *See* Dkt No. 1-1 at 9.

Defendant Base Carriers filed a motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 6. Plaintiff then filed the instant motion. *See* Dkt. No. 18. The Court granted Plaintiff's letter request to stay the briefing on the motion to dismiss until the Court addressed the motion to remand. *See* Dkt. No. 20.

### III. DISCUSSION

**A.     Legal Standard**

"The removal statute provides that 'all defendants who have been properly joined and served must join in or consent to the removal of the action,' and that the 'notice of removal of a civil action or proceeding shall be filed within 30 days' of the defendant receiving the initial pleading or the summons." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 149 (2d Cir. 2021) (quoting 28 U.S.C. § 1446(b)(1)-(2)(B)). "A notice of removal must be signed by at least one attorney of record in accordance with Rule 11; contain a short and plain statement of the basis for removal; and include a copy of all process, pleadings, and orders served upon the defendants in the action." *Id.* at 150 (citing [28 U.S.C.] § 1446(a), (b)). Courts refer to the requirement that all properly served and joined defendants join in the removal notice as the "rule of unanimity." *Id.* This rule serves the interests of all parties and the courts because

> "it benefits plaintiffs by preventing defendants from splitting the litigation, forcing the plaintiff to pursue the case in two separate forums. It benefits defendants by precluding one defendant from imposing its forum choice on codefendants. And it helps courts by preventing needless duplication of litigation."

*Id.* (quoting 16 Moore's Federal Practice -- Civil § 107.42 (2018)).

Moreover, "'statutory procedures for removal are to be strictly construed,'" and courts "'resolv[e] any doubts against removability.'" *Id.* (quoting *In re Methyl Tertiary Butyl Ether*

*Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks and citation omitted, alteration in original)) (other citations omitted). "It is" also "well-established that defendants 'must independently express their consent to removal.'" *Id.* at 151 (quoting *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012)).

**B.     Analysis**

Plaintiff seeks remand because, although the Notice of Removal makes clear that Defendant Landl was served before Defendant Base Carriers filed the Notice, Defendant Landl's consent to removal is not contained with the Notice. This defect, Plaintiff claims, makes the notice of removal improper and mandates remand. Defendant Base Carriers does not deny that Defendant Landl did not consent to the removal. Instead, Defendant Base Carriers argues that Defendant Landl was not properly joined; and, therefore, the rule of unanimity does not apply and does not bar removal without Defendant Landl's consent. Indeed, Defendant Base Carriers argues that Plaintiff sued an improper party.

Plaintiff entered into a contract with Base Carriers Services, LLC, not the named Defendant "Base Carriers, LLC". Similarly, no subcontract between Defendant Landl and Defendant Base Carriers, LLC exists. The subcontract in question was between Base Carriers Services, LLC and Defendant Landl. Thus, Defendant Base Carriers claims that (1) Plaintiff does not have a colorable claim against Defendant Landl; (2) Defendant Landl was fraudulently joined and (3) the Court should deny Plaintiff's motion to remand. Defendant Base Carriers, however, does not deny that Defendant Landl was a party to the subcontract in question.

Furthermore, Defendant Base Carriers admits that the Notice of Removal lacks consent from Defendant Landl. Nonetheless, Defendant Base Carriers argues that remand is unnecessary because Defendant Landl was fraudulently joined in the state-court action.

Courts find an exception to the rule of unanimity "for defendants who have not been served, unknown defendants, and fraudulently joined defendants." *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 330 (S.D.N.Y. 2007) (citing *Varela v. Flintlock Constr., Inc.*, 148 F. Supp. 2d 297, 300 (S.D.N.Y. 2001)). "The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). "Under this doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Id.* (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). "The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Id.* (citation omitted). Plaintiff's inclusion of Defendant Landl in this matter does not destroy diversity. Thus, Defendant Base Carriers' argument about fraudulent joinder appears to be unavailing. Nevertheless, because both parties argue that the issue of whether the complaint states a claim against Defendant Landl is central to whether remand is appropriate, the Court will address this issue.

The claim against Defendant Landl is a third-party beneficiary contract claim. "A non-party may sue for breach of contract only if it is an intended, and not a mere incidental, beneficiary . . ., and even then, if not mentioned as a party to the contract, the parties' intent to benefit the third party must be apparent from the face of the contract . . ." *LaSalle Nat'l Bank v. Ernst & Young, L.L.P.*, 285 A.D.2d 101, 108 (1st Dept. 2001) (internal citations omitted).

Without "clear contractual language evincing such intent, New York courts have demonstrated a reluctance to interpret circumstances to construe such an intent . . ." *Id.* at 108-09 (internal citations omitted). To establish third-party beneficiary rights, a party must show the following: "'(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost.'" *Town of Huntington v. Long Island Power Auth.*, 130 A.D.3d 1013, 1014 (2d Dept. 2015) (quoting *Nanomedicon, LLC v. Research Found. of State Univ. of N.Y.*, 112 A.D.3d 594, 596 ([2d Dep't] 2013) (internal quotation marks omitted)) (other citation omitted).

Plaintiff's claim against Defendant Landl is for breach of contract by a third-party beneficiary of that contract. The Complaint alleges that "[Plaintiff] G&C and [Defendant] BASE entered into a contract pursuant to which [Defendant] BASE agreed to transport [Plaintiff] G&C product from Cargill Meat Solutions Beef Plant ("Cargill") in Friona, Texas to Pinto Valle Industrial Park in Laredo, Texas." *See* Dkt. No. 2, Complaint, at ¶ 7. Without Plaintiff's knowledge "[Defendant] BASE in addition to entering into the contract with [Plaintiff] G&C, entered into a subcontract with [Defendant] Landl to pick up and transport [Plaintiff] G&C's product." *See id.* at ¶ 10. "[A] truck purporting to be associated with [Defendant] Landl" picked up the product for which Plaintiff had paid at the Cargill plant. *See id.* at ¶ 11. The load "was never delivered to the Pinto Valle Industrial Park as per the agreement between [Plaintiff] G&C and [Defendant] BASE." *See id.* at ¶ 13. "[Defendant] Landl's system was somehow hacked, the hacker impersonated [Defendant] Landl in its communications with [Defendant] BASE, and ultimately took [Plaintiff] G&C's product from the Cargill beef plant." *See id.* at ¶ 14. The product has never been found and likely will not be found. *See id.* at ¶ 15.

Defendant Base Carriers contends that Plaintiff has not stated a claim under New York law for the following reasons: (1) Plaintiff has identified Defendant Base Carriers, LLC as a party to the contract with Defendant Landl; (2) the proper party to the contract with Defendant Landl is Base Carriers Services, LLC; (3) the documents make clear that Defendant Base Carriers' proper name is Base Carriers Services, LLC, and that entity made the contract with Defendant Landl; and (4) no contract existed between the parties alleged in the Complaint. Thus, Defendant Base Carriers avers that, for all these reasons, no claim can arise under New York law; and, therefore, Defendant Landl was not properly joined.

The Court finds Defendant Base Carriers' reasoning unpersuasive. The complaint on its face clearly states a claim against Defendant Landl. Plaintiff alleges that some entity made a contract with a third party, Defendant Landl, to deliver product for which Plaintiff had paid to have delivered. Plaintiff would benefit from that subcontract that Defendant Landl made. Defendant Landl failed to deliver that product. Plaintiff suffered an injury. Plaintiff has therefore stated a claim against Defendant Landl for failing to fulfil its contract to deliver the product as required by the contract that Defendant Landl made. Defendant Base Carriers' argument about the true identity of the two parties to the contract does not undermine Plaintiff's claim against Defendant Landl. At best, Plaintiff has failed to state a claim against Defendant Base Carriers by failing to name the corporate successor to Defendant Base Carriers. That, however, is not grounds to find that Defendant Landl was fraudulently joined.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

- 8 -

**ORDERS** that Plaintiff's motion to remand, *see* Dkt. No. 18, is **GRANTED**; and this case is **REMANDED** to New York Supreme Court, Onondaga County, New York, for all further proceedings; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1447(c) of the United States Code, the Clerk of the Court is directed to mail a certified copy of this Memorandum-Decision and Order remanding this case to the Clerk of the New York Supreme Court, Onondaga County, New York.

**IT IS SO ORDERED.**

Dated: March 21, 2025
  Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge